**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BOFI FEDERAL BANK and BOFI HOLDING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LEWIS TROYLYNN PORTWOOD,<br><br>Defendant. | Civil Action File No.: __________ |

# COMPLAINT

Plaintiffs BofI Federal Bank, a federally chartered banking institution, and BofI Holding, Inc. (collectively "BofI"), hereby assert their Complaint against Defendant Lewis Troylynn Portwood ("Defendant"), and allege as follows:

## NATURE OF THIS CASE

1. BofI files this action to stop the unwanted and illegal conduct of Defendant, or those acting on his behalf, who has used, or improperly attempted to use, BofI's service marks and trade names without permission.

2. Defendant has willfully and knowingly used and infringed upon BofI's intellectual property rights in an apparent effort to gain a competitive advantage by attempting to cause actual and/or prospective customers of BofI to falsely believe that Defendant is associated with BofI and in order to disrupt BofI's

business opportunities and unlawfully and improperly obtain information from BofI's actual or prospective customers about BofI and/or such actual or prospective customers. Defendant has done so by misappropriating and using without permission the BofI name and brands on various websites that he created or attempting to associate his personal address as that of BofI. BofI brings this action to preserve its registered service marks and trade names and prevent fraud on its current and prospective business relationships through entry of a permanent injunction prohibiting Defendant's illegal conduct, and an award of damages, including award of BofI's attorneys' fees.

## PARTIES

3. BofI Federal Bank is a federally chartered bank that provides innovative checking, money market, savings, and lending products and services to its personal and business banking customers throughout the United States. BofI Federal Bank's principal place of business is in San Diego, California.

4. BofI Holding, Inc., a Delaware corporation with its principal place of business in San Diego, California, is the holding company for BofI Federal Bank.

5. On information and belief, the address of Defendant is currently 324 Veeler Road, LaFayette, Georgia, 30726. Defendant, or those acting on his behalf,

has committed the tortious acts described herein and has thereby caused injury to BofI.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (as several claims alleged herein arise under the laws of the United States), 28 U.S.C. § 1338 (as several claims alleged herein arise under the federal trademark laws and related unfair competition claims), and pursuant to 28 U.S.C. § 1367 (providing for supplemental jurisdiction).

7. This Court has personal jurisdiction over Defendant in connection with the claims asserted in this Complaint because Defendant has committed tortious acts within the state and/or committed tortious injury in this state caused by an act or omission outside the state and engaged in other persistent course of conduct in this state.

8. BofI is informed and believes and, based thereon, alleges that venue is proper in this Court under 28 U.S.C. § 1391(a)(2) and O.C.G.A. § 16-9-94 because Defendant has caused tortious injury within the Northern District of Georgia by transmitting false and/or misleading data relating to BofI without authorization through a computer, computer network, or servers in Georgia, and because a

substantial part of the events giving rise to the claim occurred in the Northern District of Georgia.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. BofI is the owner of the registered service marks and trade names BofI Holding, BofI Federal Bank, and Bank of the Internet USA, among others. BofI has used its marks for many years in connection with its wide range of products and services throughout the country.

10. The mark "BofI Holding", which is the subject of United States Trademark Reg. No. 4303652 was first used in commerce in 1999 and is currently registered with the United States Patent and Trademark Office (the "PTO"). The mark "BofI Federal Bank", which is the subject of United States Trademark Reg. No. 4356224, was first used in commerce in 2011. The mark "Bank of the Internet USA", United States Trademark Reg. No. 4381952, was first used in commerce in 2000. BofI is the owner of other similar registered service marks and trade names, including "BofI" and design (United States Trademark Reg. No. 4352383), "BofI Advisor" (United States Trademark Reg. No. 4517636), "Bank of Internet" and design, (United States Trademark Reg. No. 4303646), and "BofI Holding Inc" and design (United States Trademark Reg. No. 4303645). (Copies of the subject Trademark registrations are attached hereto as Exhibit A).

11. As a result of the extensive and continued use of BofI's service marks and trade names in connection with its products and services, customers throughout the United States have come to recognize and identify BofI's service marks and trade names as representative of the highest quality in its industry. BofI's service marks and trade names have become a valuable asset of BofI, as well as symbols of its goodwill and positive business reputation. BofI's service marks and trade names are widely known in the United States, are inherently distinctive and have acquired extensive good-will in the minds of its customers.

12. In or around August 2016, BofI discovered that Defendant had misappropriated BofI's name and marks by causing his personal address to be listed as the address for BofI in search results when an individual searched for BofI using an internet search engine.

13. Similarly, in or around August 2016, BofI discovered that Defendant had caused his personal address to falsely appear as the address for BofI on the website Manta.com. For example, Defendant caused his personal address to falsely appear on the following pages: http://www.manta.com/c/mx6gbp9/BofI-holding-inc, http://www.manta.com/c/mm5m10k/BofI-com, and http://www.manta.com/c/mbyllt9/bofi-federal-bank. (Copy of the "bofi-federal-bank" page attached hereto as Exhibit B).

14. At that time, BofI was able to work with the internet site providers to correct some of the false information published by Defendant.

15. However, BofI discovered in or around December 2016 that Defendant was again continuing to misappropriate BofI's name and marks in an attempt to make it appear that he was associated with BofI.

16. In particular, in or around December 2016, BofI discovered two website pages—https://plus.google.com/102058211518398440360 and https://plus.google.com/109436666974909568089—where Defendant had again created the false impression that he was somehow associated with BofI or one of its brands by using BofI's marks without permission. (Copies attached hereto as Exhibits C and D).

17. BofI also discovered that Defendant had created a Facebook page at https://www.facebook.com/Bankofintenetusa/posts_to_page?ref=page_internal, where he again created the false impression that he was somehow associated with BofI or one of its brands by using BofI's marks without permission. (Copy attached hereto as Exhibit E).

18. Defendant also sent BofI's Compliance Team an email on December 17, 2016, showing that he was using the name "BofI Holding Inc.", without permission, as part of his signature block.

19. BofI sent Defendant a "cease and desist" letter on December 20, 2016, demanding that Defendant remove and permanently delete each reference to BofI and any of its brands that he made or caused to be made on the internet. BofI specifically stated that Defendant was forbidden to use BofI's name and the names of its brands in the future, whether on the internet or in his communications.

20. Despite BofI's clear demand, BofI has recently discovered that Defendant continues to ignore BofI's demand and continues to attempt to use BofI's marks without permission and to deceptively associate himself with BofI without permission.

21. For example, on information and belief, a mere four days after BofI's demand letter, on December 24, 2016, Defendant attempted to acquire by online purchase a package from Yext.com for a BofI business listing on the internet.

22. Similarly, on information and belief, Defendant has established a PayPal page at https://www.paypal.me/tportwood, which purports to be for "Bank of internet usa" (sic) and appears to provide a mechanism for an individual to "SEND MONEY TO BANK OF INTERNET USA," which, presumably, would be paid to Defendant instead. (Copy attached hereto as Exhibit F).

23. At this time, it is unknown to BofI whether Defendant's improper conduct is continuing beyond these discovered examples or how many other

communications have been sent to third parties where Defendant misleadingly and deceptively associates himself with BofI or where he is misleadingly posing as a representative of BofI.

24. Unless stopped, Defendant's deceptive use of BofI's marks may damage BofI's relationships with its current and prospective customers, may disrupt its business opportunities, and may damage its reputation and the value of its established service marks and trade names. Defendant may also unlawfully and improperly obtain information from BofI's customers that may harm BofI or its customers.

25. Defendant's unauthorized use of BofI's service marks and trade names may have caused and is likely to continue to cause confusion, mistake and deception sufficient to constitute infringement of BofI's rights in and to its service marks and trade names and to constitute unfair competition, irreparably damaging BofI and its rights in and to its service marks and trade names. Such confusion, mistake and deception is clearly not inadvertent and in good faith, but is intentional and willful.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

26. BofI incorporates by reference the previous allegations of the Complaint as though fully set forth herein.

27. The actions of Defendant described herein constitute infringement of BofI's established service marks and trade names in violation of section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

28. Defendant's willful, deliberate and unauthorized use of BofI's established service marks and trade names has likely caused confusion and is likely to continue to cause confusion, mistake and deception in that consumers are likely to associate and believe Defendant is associated with, connected to, affiliated with, authorized by, endorsed by, and/or sponsored by BofI, in violation of Section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

29. As a direct and proximate result of Defendant's unauthorized use of BofI's established service marks and trade names, Defendant has damaged and will continue to damage BofI's goodwill and reputation, and may disrupt BofI's business relationship with its customers, causing a loss of sales and profits. Defendant's actions have caused and will continue to cause irreparable harm to BofI and to the public, which is confused by Defendant's unauthorized use of BofI's established service marks and trade names, unless restrained and enjoined by this Court. BofI has no adequate remedy at law to prevent Defendant from continuing his infringing actions and from injuring BofI.

30. As a further direct and proximate result of Defendant's actions, BofI has been damaged and will continue to sustain damage and is entitled to receive compensation arising from any lost sales, lost profits, and all efforts necessary to minimize and/or prevent customer confusion, in an amount to be proven at the time of trial. In addition, BofI is entitled to disgorge Defendant's profits, if any, derived from Defendant's improper conduct, and is entitled to interest and to its attorneys' fees and costs incurred bringing this action, all in an amount to be proven at the time of trial. BofI is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

31. The damages sustained by BofI as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## COUNT II
## FEDERAL COMMON LAW TRADEMARK INFRINGEMENT

32. BofI incorporates by reference the previous allegations of the Complaint as though fully set forth herein.

33. The actions of Defendant described herein constitute infringement of BofI's trademark rights under federal common law.

34. As a direct and proximate result of Defendant's actions, BofI has suffered and will continue to suffer general damages according to proof at trial.

35. As a further direct and proximate result of Defendant's unauthorized use of BofI's established service marks and trade names, Defendant has damaged and will continue to damage BofI's goodwill and reputation, and may disrupt BofI's business relationship with its customers, causing a loss of sales and profits. Defendant's actions have caused and will continue to cause irreparable harm to BofI and to the public confused by Defendant's unauthorized use of BofI's established service marks and trade names, unless restrained and enjoined by this Court. BofI has no adequate remedy at law to prevent Defendant from continuing their infringing actions and from injuring BofI.

36. As a further direct and proximate result of Defendant's actions, BofI has been damaged and is entitled to receive compensation arising from any lost sales, lost profits, and for all expenses necessary to minimize and/or prevent customer confusion. BofI is also entitled to disgorge Defendant's profits, if any, derived from Defendant's improper conduct, to interest, and to recovery of its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial. BofI is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

## COUNT III
## VIOLATION OF THE GEORGIA COMPUTER SYSTEMS PROTECTION ACT (O.C.G.A. § 16-9-70)

37. BofI incorporates by reference the previous allegations of the Complaint as though fully set forth herein.

38. The Georgia Computer Systems Protection Act ("GCSPA"), O.C.G.A. § 16-9-90, *et seq.*, was enacted to, among other things, impose liability on all persons for computer crimes. The GCSPA provides, in relevant part, that:

> It shall be unlawful for any person, any organization, or any representative of any organization knowingly to transmit any data through a computer network . . . for the purpose of setting up, maintaining, operating, or exchanging data with an electronic mailbox, home page, or any other electronic information storage bank or point of access to electronic information if such data uses any individual name, trade name, registered trademark, logo, legal or official seal, or copyrighted symbol to falsely identify the person, organization, or representative transmitting such data or which would falsely state or imply that such person, organization, or representative has permission or is legally authorized to use such trade name, registered trademark, logo, legal or official seal, or copyrighted symbol for such purpose when such permission or authorization has not been obtained.

O.C.G.A. § 16-9-93.1(a).

39. Defendant has violated the GCSPA in that he has knowingly transmitted misleading data through a computer network using BofI's service marks and trade names to falsely identify himself. In addition, Defendant's use of

the BofI's name and marks falsely implies that Defendant has permission to use BofI's service marks and trade names. At no point has Defendant or his agents been authorized to use BofI's service marks and trade names.

40. The GCSPA specifically provides that an aggrieved party may institute a private right of action. It states, in relevant part, that "[a]ny person whose property or person is injured by reason of a violation of any provision of this article may sue therefor and recover for any damages sustained and the costs of suit. Without limiting the generality of the term, 'damages' shall include loss of profits and victim expenditure". O.C.G.A. § 16-9-93(g)(1).

41. Defendant's conduct threatens irreparable harm to BofI, including, but not limited to: (a) the false and misleading representations have the potential to impede and interfere with BofI's ability to provide services to its current and prospective customers; and (b) the false and misleading representations have the potential to impair BofI's goodwill with its customers, the value of which is not readily ascertainable.

42. Unless restrained and enjoined, Defendant and his agents will continue to engage in conduct in violation of O.C.G.A. § 16-9-93.1 and cause BofI irreparable damage. It is not possible to ascertain the amount of compensation that could afford BofI adequate relief for Defendant's and his agents' continuing

unlawful acts. BofI's remedy at law is, therefore, inadequate to compensate for the injuries threatened.

## COUNT IV
## Unfair Competition

43. BofI incorporates by reference the previous allegations of the Complaint as though fully set forth herein.

44. Under Georgia law, "the term unfair competition is a nomenclature for the doctrine that one cannot pass off his goods as those of another. Thus, the law of unfair competition prohibits 'passing off, or attempting to pass off, on the public, the goods or business of one person as and for the goods or business of another.'" *SCQuARE Intern., Ltd. v. BBDO Atlanta, Inc.*, 455 F. Supp. 2d 1347, 1366 (N.D. Ga. 2006) (citations omitted).

45. Defendant has engaged in unfair competition by creating and publishing false information on websites and transmitting or representing misleading data to customers of BofI about BofI business or services in which the Defendant falsely represents or creates the false impression that Defendant is a representative of BofI or associated with BofI and uses BofI's service marks and trade names without authorization.

46. The recipients of the misleading data created by Defendant have likely been and will likely continue to be confused as to the source of the data about BofI

business or services or have been and will be under the false impression that the data originated from BofI or have been and will be under the false impression that Defendant is associated with BofI.

47. Under the common law of Georgia, Defendant and his agents' conduct constitutes unfair competition and has damaged BofI.

**COUNT V**
**VIOLATIONS OF THE GEORGIA DECEPTIVE TRADE PRACTICES ACT (O.C.G.A. § 10-1-372)**

48. BofI incorporates by reference the previous allegations of the Complaint as though fully set forth herein.

49. Georgia's Deceptive Trade Practices Act prohibits "passing off" one's goods or services as those of another. The Act provides, in relevant part, that:

> (a) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he:
>
> > (1) Passes off goods or services as those of another; [or]
> >
> > (2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

O.C.G.A. § 10-1-372.

50. Defendant has violated Georgia's Deceptive Trade Practices Act by creating and publishing false information on websites and transmitting or

representing misleading data to customers of BofI about BofI's business or services in which the Defendant falsely represents or creates the false impression that Defendant is a representative of BofI or associated with BofI and uses BofI's service marks and trade names without authorization.

51. The recipients of the misleading data created by Defendant have likely been and will likely continue to be confused as to the source of the data about BofI's business or services or have been and will be under the false impression that the data originated from BofI or have been and will be under the false impression that Defendant is associated with BofI.

52. BofI has been damaged by Defendant and/or his agents' conduct and violation of Georgia's Deceptive Trade Practices Act.

**COUNT VI**
**ATTORNEYS' FEES (O.C.G.A. § 13-6-11)**

53. BofI incorporates by reference the previous allegations of the Complaint as though fully set forth herein.

54. Defendant has acted in bad faith, been stubbornly litigious, and caused Bofi unnecessary trouble and expense. Pursuant to O.C.G.A. § 13-6-11, Bofi is entitled to recover all costs in prosecuting this action, including reasonable attorneys' fees.

## COUNT VII
## <u>INJUNCTIVE RELIEF</u>

55. BofI incorporates by reference the previous allegations of the Complaint as though fully set forth herein.

56. Unless Defendant is enjoined from the foregoing wrongful conduct, Bofi will be irreparably harmed by confusion to its customers, loss of confidence and trust of its customers, loss of good will and loss of business reputation, loss of its customers, interference with and disruption of its business, dilution to its marks, and economic loss, which is currently not capable of being calculated.

57. Bofi has no adequate remedy at law.

58. Defendant will not be unfairly injured if enjoined.

59. Bofi is entitled to injunctive relief to restrain Defendant, and his agents, from infringing Bofi's Service Marks and trade names, and the other foregoing wrongful conduct described herein.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, BofI demands the entry of judgment:

(a) that Defendant, and those persons in active concert or participation with him, be permanently enjoined from using BofI's established service marks and trade names, including using the name BofI Federal Bank, BofI Holding, Bank of the Internet, or any other name containing the mark BofI Holding, BofI Federal

Bank, or Bank of the Internet, or any other mark, trade name or URL confusingly similar thereto;

(b) that Defendant, and those persons in active concert or participation with him, be permanently enjoined from further transmitting misleading data in violation of the GCSPA and that any similar confusing information in the internet controlled, caused to be made, or created by Defendant be taken down.

(c) that BofI's established service marks and trade names have been infringed by Defendant's acts under 15 U.S.C. § 1114 and federal common law;

(d) that compensatory, consequential and punitive damages be awarded in favor of BofI and against Defendant, together with interest thereon;

(e) that BofI be awarded all costs of this action and attorneys' fees;

(f) that BofI be awarded a trial by jury on all issues so triable; and

(g) that this Court grant BofI all other and additional relief as justice may require or as the Court may deem appropriate.

Respectfully submitted, this 16th day of March, 2017.

By: */s/ Jeffrey R. Baxter*

Gregory S. Brow
Georgia Bar No. 086422
greg.brow@dentons.com
Jeffrey R. Baxter
Georgia Bar No. 142356
jeff.baxter@dentons.com

DENTONS US LLP
303 Peachtree Street, NE. Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198

*Attorneys for Bank of Internet USA and BofI Holding, Inc.*

102348536\V-2